UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA
for the use and benefit of
Stonebridge Construction Services,
LLC,

    Plaintiff,

v.

Case No. 3:19-cv-514-BJD-PDB

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY, out of
state company,

        Defendant/Third
        Party Plaintiff

DEVELOPERS SURETY AND
INDEMNITY COMPANY
    Third Party Defendants
_____/

# O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 211; Report), entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge. The Report follows entry of final judgment resolving the merits of the case. In the Report, the Magistrate Judge recommends the following:

> (1) granting Stonebridge's motion, D183, to the extent Stonebridge moves for a determination that no party prevailed under the stipulation and Article 10 of

>Artec and Stonebridge's subcontract and otherwise denying the motion;
>
>(2) denying NAS's motion for attorney's fees under the stipulation and Articles 5 and 10 of Artec and Stonebridge's subcontract, D184;
>
>(3) granting NAS's motions for taxation of costs, D188, D197, to the extent NAS moves for taxable costs, taxing costs of $10,519.12 for NAS and against Stonebridge and Developers, entering a corresponding judgment, and otherwise denying the motions;
>
>(4) granting NAS's motion for attorney's fees and expenses, D197, to the extent NAS moves for a determination that NAS is entitled to attorney's fees and expenses under the performance bond and section 627.756(1) and otherwise denying the motion; and
>
>(5) directing the parties to follow the second part of the bifurcated procedure in Local Rule 7.01 and ordering NAS to file a supplemental motion with the information required by Local Rule 7.01(c)(1)–(5) within forty-five days of the order determining entitlement.

Report at 56. No objections were filed, and the matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district judge is not required to conduct a *de novo* review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). Further, if no objections to a magistrate judge's report and recommendation

are filed, the district court reviews legal conclusions only for plain error and only if necessary in the interests of justice. Shepherd v. Wilson, 663 F. App'x 813, 816 (11th Cir. 2016); see also Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015) (noting that under 11th Circuit Rule 3-1, the appellant would have waived his ability to object to the district court's final order on a report and recommendation where appellant failed to object to that report and recommendation). "Under plain error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016) (citing Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1329 (11th Cir. 1999)).

Upon independent review of the entire record, the undersigned finds no plain error in the Report's recommendation.

Accordingly, after due consideration, it is

**ORDERED:**

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 211) as the opinion of the Court.

2. Stonebridge's Motion for a Determination as to Entitlement of the Parties to Attorney's Fees (Doc. 183) is **GRANTED to the extent** Stonebridge moves for a determination that no party prevailed

under the stipulation and Article 10 of Artec and Stonebridge's subcontract and otherwise **DENIED**.

3. NAS's Motion to Tax Attorneys' Fees (Doc. 184) is **DENIED**.

4. NAS's Motions for Taxation of Costs and Attorney's Fees (Docs. 188 and 197) are **GRANTED to the extent** NAS moves for taxable costs, taxing costs of $10,519.12 for NAS and against Stonebridge and Developers and **to the extent** NAS moves for a determination that NAS is entitled to attorney's fees and expenses under the performance bond and section 627.756(1) and otherwise **DENIED**.

5. The Clerk of the Court shall enter a corresponding judgment as to the $10,519.12 taxed as costs.

6. The parties shall follow the second part of the bifurcated procedure in Local Rule 7.01. NAS shall file a supplemental motion with the information required by Local Rule 7.01(c)(1)-(5) **on or before November 13, 2024**.

**DONE** and **ORDERED** in Jacksonville, Florida this 25th day of September 2024.

_____
BRIAN J. DAVIS
United States District Judge

- 5 -

2
Copies furnished to:
Counsel of Record

- 5 -